**SO ORDERED: January 16, 2013.**



_____
**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GEORGE F. CALLAHAN, JR. and | ) | Case No. 11-10283-JKC-13 |
| DIANA L. CALLAHAN, | ) | |
| | ) | |
|    Debtors. | ) | |
| _____ | ) | |
| FINANCE CENTER FEDERAL | ) | |
| CREDIT UNION, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 12-50194 |
| | ) | |
| GEORGE F. CALLAHAN, JR., | ) | |
| DIANA L. CALLAHAN, | ) | |
| PNC BANK, MED-1 SOLUTIONS, | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
|    Defendants. | ) | |
| _____ | ) | |
| PNC BANK, | ) | |
| | ) | |
|    Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |

| | |
|---|---|
| FINANCE CENTER FEDERAL | ) |
| CREDIT UNION, | ) |
| | ) |
| Counterclaim Defendant. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON FINANCE CENTER FEDERAL CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT AND PNC BANK'S CROSS-MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Finance Center Federal Credit Union's Motion for Summary Judgment and PNC Bank's Cross-Motion for Summary Judgment (collectively, the "Motions"). Having reviewed the parties' respective submissions, the Court hereby enters the following Findings of Fact and Conclusions of Law.

### Findings of Fact

### PNC's Judgment Lien

1. Debtors/Defendants George F. Callahan Jr. and Diana L. Callahan ("Debtors") own residential real property located at 7500 E. 50th Street, Indianapolis, Indiana as "tenants by the entireties" (the "Property").

2. On May 9, 2001, National City Bank of Indiana, under Cause No. 09D01-CP-000505, obtained a judgment from the Cass Superior Court against Debtors and George Callahan, III, in the amount of $729,755.56 (the "Original Judgment").

3. The Original Judgment was recorded with the Clerk of Marion County on July 20, 2001, and became a lien on the Property as of that date.

4. On May 5, 2011, PNC Bank, N.A. ("PNC"), as successor to National City Bank, filed a Complaint to Renew and Revive Judgment and Judgment Lien in the Cass Superior Court under Cause No. 09D02-1105-PL-3. Debtors did not appear in that action and were eventually defaulted.

On June 20, 2011, a Final Judgment Order was entered against Debtors and George Callahan, III, in the amount of $588,350.88, plus accrued interest in the amount of $23,534.04 (the "Renewed Judgment"). The Renewed Judgement states in relevant part "the judgment entered by this Court on May 9, 2001 . . . and the judgment lien arising from said judgment is renewed and revived in all respects."

5. The Renewed Judgment was recorded with the Clerk of Marion County, Indiana on June 29, 2011.

### Finance Center Federal Credit Union's Mortgage

6. On May 9, 2002, Debtors executed a Credit Agreement in favor of Finance Center Federal Credit Union ("FCU") in a sum not to exceed $90,000.00 (the "2002 Loan").

7. To secure payment of the 2002 Loan, Debtors also executed a Mortgage in favor of FCU on the Property (the "2002 Mortgage").

8. The FCU Mortgage was recorded on May 20, 2002, as Instrument No. 2002-0094397 in the Office of Recorder of Marion County, Indiana.

9. The May 2002 Loan was used to satisfy, in full, Debtors' then-existing loan obligation to FCU pursuant to a Credit Agreement and Mortgage executed in favor of FCU dated May 22, 2001 (the "2001 Loan" and "2001 Mortgage," respectively).

10. The 2001 Mortgage was recorded as Instrument No. 2001-0109070 in the Office of Recorder of Marion County, Indiana.

### Other Potential Liens Against the Property

11. On August 21, 2006, Defendant Med-1 Solutions, LLC ("Med-1") obtained a default

judgment against Debtor Diana L. Callahan in the amount of $36,554.24 (the "Med-1 Judgment").[1]

12. On August 19, 2008, the U.S. Department of the Treasury, by the Internal Revenue Service, issued a Notice of Federal Tax Lien to Debtors in the amount of $11,039.11 (the "IRS Lien"). The IRS Lien was recorded on January 26, 2009, in the Office of the Recorder of Marion County, Indiana.

13. On December 2, 2010, the U.S. Department of the Treasury, by the Internal Revenue Service, issued a Second Notice of Federal Tax Lien to Debtors in the amount of $7,738.99 (the "Second IRS Lien").

### Debtors' Bankruptcy

14. Debtors filed a Chapter 13 bankruptcy petition on August 15, 2011.

15. On November 16, 2011, PNC filed a Proof of Claim in the amount of $588,350.88. PNC indicated that $85,000.00 of the debt was secured by a lien on the Property. Debtors objected to that claim and also moved to avoid PNC's lien pursuant to 11 U.S.C. § 522(f). In addressing that matter, the Court indicated that the issue of lien priority was better resolved by way of an adversary proceeding. Accordingly, FCU agreed to, and did, initiate this proceeding. Both the claim objection and lien avoidance motion have been held in abeyance pending the outcome of this proceeding. So, too, has PNC's objection to Debtors' amended chapter 13 plan.

---

[1] The Court notes that in a motion to avoid Med-1's purported judgment lien, Debtors indicated that the judgment was against both Debtors, not just against Mrs. Callahan; that the judgment was in the amount of $37,389.29; and that only $9,163.20 of this amount remains unpaid. If the judgment is against only Mrs. Callahan, then the Court questions whether it attached to the Property as they presumably hold it as tenants by the entireties and property held as such is only liable for joint debts. *See Mid-West Federal Sav. Bank v. Kerlin*, 672 N.E.2d 82, 85 (Ind.Ct.App.1996).

4

**Conclusions of Law**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

2.     Under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  With a motion for summary judgment, the burden rests on the moving party to demonstrate that there is an absence of evidence to support the nonmoving party's case.  *Id*. at 325, 106 S.Ct. at 2554.  After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute precluding summary judgment.  *Id.* at 324, 106 S.Ct. at 2553.  If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material question, then the court must enter summary judgment against it.  *Waldridge v. American Hoechst Corp*., 24 F.3d 918, 920 (7th Cir.1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 585-87 (1986)).

3.     Per the Motions, the Court has been asked to decide the relative priorities of FCU's and PNC's respective liens on the Property.  FCU primarily argues that it has the superior lien by virtue of equitable subrogation, while PNC insists that equitable subrogation does not apply and that by virtue of its Renewal Judgment, PNC's lien is superior.

4.     In the Court's view, the dispositive issue relates, not to equitable subrogation, but to

5

whether PNC's Renewal Judgment, once recorded in Marion County, gave rise to a judgment lien on the Property and whether that lien relates back to the date the Original Judgment was first recorded in Marion County. For the reasons stated below, the Court concludes that while the Renewal Judgment gave rise to a judgment lien, it does not relate back to the lien created by the Original Judgment and that it is, therefore, junior to FCU's mortgage.

     5.     Indiana Code § 34-55-9-2 provides:

> All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction in Indiana, whether state or federal, constitute a lien upon real estate and chattels real liable to execution in the county where the judgment has been duly entered and indexed in the judgment docket as provided by law:
>
> (1) after the time the judgement was entered and indexed; and
>
> (2) until the expiration of ten (10) years after the rendition of the judgment; exclusive of any time during which the party was restrained from proceeding on the lien by an appeal, an injunction, the death of the defendant, or the agreement of the parties entered of record.

Thus, a money judgment becomes a lien on the judgment debtor's real property when the judgment is recorded in the judgment docket in the county where the realty held by the debtor is located. *See Needham v. Suess*, 577 N.E.2d 965, 967 (Ind.Ct.App.1991). Once a judgment lien has attached to land, it remains until it is legally removed and anyone buying property to which a lien has attached and who has actual or constructive notice of the lien takes the property subject to the lien. 17 I.L.E. Judgment § 468 (1959); 49 C.J.S. § 488 (1947). Also relevant is Indiana Code § 34-1-2-14, which provides that "[e]very judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years."

     6.     PNC insists that the Renewed Judgment gave rise to a lien that relates back or

otherwise "renews and revives" the judgment lien that PNC enjoyed pursuant to the Original Judgment. The Court disagrees.

7. The Court readily agrees that a judgment may be renewed under Indiana law. As explained in the concurring opinion in *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 823 (Ind.Ct.App.2005)(Mathias, J., concurring), the most procedurally correct way to accomplish that is by way of a new complaint, filed in the county where the initial judgment was entered. PNC did just that by filing its May 5, 2011 Complaint in Cass County. However, the lien that arises from a "renewed" judgment is a new lien that does not relate back or otherwise revive the lien that arises from the original judgment. *See Town of New Chicago v. First State Bank of Hobart*, 169 N.E. 56, 90 Ind.App.643 (1929) ("[A]t any time within 10 years after the rendition of a judgment execution may be had on it, but after 10 years and before the expiration of 20 years, another action may be had on the original judgment and a new judgment may be rendered, the lien of which begins at the date of the new judgment and runs for 10 years.").

8. The fact that the Renewal Judgment in this case contains language purporting to "renew and revive" the prior judgment lien is of no moment. Indiana case law makes clear that courts are without authority to enlarge statutory lien rights. *See Needham*, 577 N.E.2d at 968 ("It has long been held that the judgment lien is purely a creature of statute and may not be expanded or changed through judicial action.") (citing *McAfee v. Reynolds*, 28 N.E. 423, 130 Ind. 33 (1891); *Petrovitch v. Witholm*, 152 N.E. 849, 85 Ind.App. 144 (1926)). Thus, the language is a nullity at best.

9. Based on the foregoing, the Court concludes that FCU's mortgage is superior to PNC's lien and, as such, grants FCU's summary judgment and denies PNC's. The lien that arose

from PNC's Renewed Judgment attached to the Property on June 29, 2011, and shall have whatever priority, vis-à-vis any other liens on the Property, that such date affords.

10. The Court will issue a Judgment consistent with the above Findings of Fact and Conclusions of Law contemporaneously herewith.[2]

###

---

[2] The Court will schedule a hearing in the near future to deal with and resolve any remaining issues that were being held in abeyance in the case because of the lien priority dispute between FCU and PNC. The Court will likely also schedule a status conference at the same time to deal with any issues in this proceeding that remain with respect to the other named defendants.